———o———

5555.

(Court of Appeal, Parish of Orleans.)

## ADAM SCHEXNAYDRE & BRO. vs. TEXAS & PACIFIC RAILWAY COMPANY.

Questions of fact only are involved.

Appeal from the 27th, Judicial District Court, Parish of St. James.

W. J. Waguespack, for plaintiff and appellee.

L. H. Marrero, Jr., for defendant and appellant.

GODCHAUX, J.—One hundred and seventy-five tons of standing cane immediately adjacent to defendant's railroad were destroyed by fire on October 11th, 1909, and plaintiff's recovered its value below on the ground that the fire was the result of negligence on the part of defendant's employees while engaged on that day in burning the grass upon the tracks and right of way.

The main contested fact is whether or not defendant's section gang engaged in burning the grass at that point

on the day named; for, if such be the case, the Court is satisfied from the record that the destruction of the cane must be attributed to that source.

Plaintiffs' witnesses, two of whom appear wholly disinterested, swear that they saw the section gang burning the grass from the right of way at that point an hour or so before the cane was destroyed; while on the other hand, those members of the section gang who were produced as witnesses swear that they were at that time repairing the tracks some two miles away and that the burning of the grass on the right of way took place about a week before and not on the day of the accident.

It is impossible to harmonize these conflicting statements, but after a careful examination of the record the Court is satisfied, as was the lower Court, that the facts as stated by plaintiffs' witnesses are more in consonance with numerous incidents and circumstances detailed in the transcript all tending to show that the burning of the grass on the right of way occurred on the day that plaintiffs' cane was destroyed by fire. Upon the whole the Court finds that plaintiffs have established their case with reasonable certainty and by a fair preponderance of the evidence.

The judgment is accordingly affirmed.

Judgment affirmed.